UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 28 2011
Clerk, U.S. District and
Bankruptcy Courts

MILTON J. TAYLOR, )
)
Plaintiff, )
)
v. ) Civil Action No. **11 2101**
)
JUDGE WENDELL P. GARDNER, JR., et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* on a *pro se* complaint. The application will be granted, and the complaint will be dismissed with prejudice.

Once again, plaintiff challenges his current incarceration, arguing that various federal and Superior Court judges, prosecutors and defense counsel violated rights protected under the Fifth Amendment to the United States Constitution.[1] He claims to have been "kidnapped" and unlawfully detained by action of the United States Parole Commission. *See* Compl. at 8.[2]

---

[1] This Court recently has entertained and dismissed substantially similar claims raised in another of plaintiff's cases. *See Taylor v. Fulwood*, No. 11-cv-1911 (D.D.C. Nov. 1, 2011).

[2] Plaintiff claims to be "unlawfully detained at the D.C. Jail facility due to two (2) parole infractions and the execution of a 'false' parole warrant." Compl. at 8. Review of filings in another of plaintiff's civil actions indicates that plaintiff was arrested on July 8, 2011, pursuant to a violator warrant issued by the United States Parole Commission on January 7, 2011, that the Parole Commission revoked release after a hearing at which plaintiff was represented by counsel, and that plaintiff is to serve a new term of 16 months' imprisonment. *See* United States Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus, *Taylor v. U.S. Parole Comm'n*, No. 11-cv-1476 (D.D.C. filed Nov. 10, 2011) at 3.



Plaintiff "sue[s] all named judges and prosecutors in their official capacity" and demands damages in "the sum of $33 million." *Id.* He also purports to sue these defendants "in their own personal capacity," and he demands from them "the sum of 400,000 dollars." *Id.*

Because plaintiff's claims go to the fact of his incarceration, he may recover damages in this civil rights action only if he shows that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied this prerequisite.

This action will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because the complaint fails to state a claim upon which relief can granted. An Order is issued separately.

/s/ Beryl A. Howell
United States District Judge

DATE: Nov. 15, 2011